## CARLISLE W. CAPRON *vs.* WILLIAM V. THOMPSON.

Where the owner of sheep, that were injured by three dogs belonging to different owners, brought several actions against the owners, and averred in each declaration that the sheep were of the value of $ 30, and recovered judgment in two of the actions ; it was held, that he might amend his declaration against the other owner, by averring the value of the sheep to be $ 50.

TRESPASS for injury done to the plaintiff's sheep by the defendant's dog. The declaration averred that the value of the sheep was $ 30.

At the trial in the court of common pleas, before *Strong*, J it appeared that the injury sued for was done by the defendant's dog and two other dogs that belonged to different owners : That the plaintiff had brought several actions of trespass against the other owners, and in both cases had averred the value of the sheep, which were injured, was $ 30 ; and that he had recovered judgment against one of those owners for $ 14 damages, and against the other for $ 9.

The judge permitted the plaintiff to amend his declaration, by averring the value of the sheep to be $ 50 instead of $ 30 The defendant alleged exceptions.

*S. Allen*, for the defendant.

*C. Allen*, for the plaintiff.

SHAW, C. J. We do not perceive that the amendment m question was not within the very ample authority, conferred on the courts, to allow amendments in form and substance. Rev Sts. *c.* 100, § 22. The action was trespass for damage alleged to be done to the plaintiff's sheep by the defendant's dog. The injury to the sheep was the cause of action, and the averment of value was incidental. The amendment did not introduce a different cause of action.

Nor do we perceive that the plaintiff was estopped by the averment of the value of his flock of sheep, in actions against other persons. The cause of action against each was distinct, not the same ; it was, in each case, the damage done by the defendant's particular dog. *Buddington v. Shearer*, 20 Pick. 477. *Non constat*, from the averments, that the sheep mentioned in this action were the same that were mentioned in the others.

All estoppels are to be construed strictly. If therefore the amendment was allowable, upon general grounds, we cannot perceive that the fact of having valued his sheep at $ 30, in other actions, should prevent him from amending, and averring in this action, that they were of a higher value. As matter of proof, on the question of damages, if the plaintiff, upon other occasions, had valued the same sheep at a lower rate, the defendant would have the benefit of it.

*Exceptions overruled*